UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 18-CR-144

ALBERT GOLANT, aka Alex Golant,

    Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Laura S. Kwaterski, Assistant United States Attorney, and the defendant, Albert Golant, individually and by attorney Joshua Uller, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a twelve-count indictment, which alleges violations of Title 18, United States Code, Sections 1343, 1344, and 2. The defendant has also been charged in a one-count information, which alleges a violation of Title 18, United States Code, Section 371.

3. The defendant voluntarily agrees to waive prosecution by indictment in open court.

4. The defendant has read and fully understands the charges contained in the indictment and the information. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

5. The defendant voluntarily agrees to plead guilty to Count 1 of the indictment, a copy of which is attached to this plea agreement as Attachment A and incorporated as part of this plea agreement. The defendant also voluntarily agrees to plead guilty to the charge set forth in the Information, which is set forth in full as follows:

**THE UNITED STATES ATTORNEY CHARGES:**

1. Beginning by at least May of 2013 and continuing until at least May of 2017, in the State and Eastern District of Wisconsin, and elsewhere,

**ALBERT GOLANT, aka Alex Golant,**

knowingly conspired with another, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service ("IRS") of the U.S. Treasury Department in the ascertainment, computation, assessment, and collection of the revenue, namely federal income taxes of the defendant's luxury vehicle brokerage businesses, WI Automotive T.R.U.S.T., Lease, Registration, and Consulting LLC, and DOT Automotive of WI LLC.

2. To accomplish the goals of his conspiracy, Golant and others acting with him and at his direction filed and caused the filing of false federal income tax returns for WI Automotive T.R.U.S.T., Lease, Registration, and Consulting LLC, and DOT Automotive of WI LLC.

All in violation of Title 18, United States Code, Section 371.

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense charged in Count 1 of the indictment and the count charged in the Information. The parties acknowledge and understand that if this case were to proceed

2

to trial, the government would be able to prove beyond a reasonable doubt the facts set forth in Attachment B to this plea agreement. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. The information set forth in Attachment B is provided for the purpose of setting forth a factual basis for the defendant's guilty pleas. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

7. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines: Count One, 20 years and $250,000; and the Information, 5 years and $250,000. Each count also carries a mandatory special assessment of $100, and a maximum of 3 years of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 35 of this agreement.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

9. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of wire

fraud, in violation of 18 U.S.C. § 1343, the government must prove each of the following propositions beyond a reasonable doubt:

> <u>First</u>, the defendant knowingly devised or participated in a scheme to defraud;
>
> <u>Second</u>, the defendant did so with the intent to defraud;
>
> <u>Third</u>, the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and
>
> <u>Fourth</u>, for the purpose of executing the scheme or attempting to do so, the defendant transmitted or caused to be transmitted interstate wire communications.

11. The parties understand and agree that to sustain the charge of conspiring to defraud the United States, in violation of 18 U.S.C. § 371, as charged in the Information, the government must prove each of the following propositions beyond a reasonable doubt:

> <u>First</u>, that the conspiracy to defraud the United States for the purpose of impeding, impairing, obstructing, or defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment, or collection of federal income and payroll taxes, as charged in the Information, existed; and
>
> <u>Second</u>, that the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and
>
> <u>Third</u>, that one of the conspirators committed an overt act in an effort to advance the goals of the conspiracy.

## SENTENCING PROVISIONS

12. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

4

13. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty pleas solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

15. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

17. The parties acknowledge, understand, and agree that the sentencing court will consider all conduct violating the tax laws unless the evidence demonstrates that the conduct is clearly unrelated, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty, and will use the total amount in calculating the sentencing guidelines range.

18. For purposes of determining the defendant's offense level under the sentencing guidelines for the Count in the Information, the parties agree that the tax loss associated with the defendant's criminal conduct is more than $3.5 million but less than $9.5 million.

### Offense Level for Tax Conspiracy

19. The parties agree to recommend to the sentencing court that the applicable offense level for the offense charged in the Information is 28 as determined under Sentencing Guidelines Manual §§ 2T1.9(a), 2T1.1(a)(1), 2T1.1(b)(1), 2T1.1(b)(2), and 2T4.1(J).

### Base Offense Level for Wire Fraud

20. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 7 under Sentencing Guidelines

Manual § 2B1.1.

### Loss Greater than $9,500,000

21. The parties agree to recommend to the sentencing court that a 20-level increase under Sentencing Guidelines Manual § 2B1.1(b)(1)(K) is applicable to the offense level for the offense charged in Count One.

### More than 10 Victims

22. The parties agree to recommend to the sentencing court that a 2-level increase under Sentencing Guidelines Manual § 2B1.1(b)(2)(A) is applicable to the offense level for the offense charged in Count One because the offense involved 10 or more victims.

### Sophisticated Means

23. The parties acknowledge and understand that the government will recommend to the sentencing court that a 2-level increase under Sentencing Guidelines Manual §2B1.1(b)(10)(C) is applicable to the offense level for the offense charged in Count One because the offense involved sophisticated means. The parties acknowledge and understand that the defendant will not join in this recommendation.

### More than $1,000,000 Loss from Financial Institutions

24. The parties agree to recommend to the sentencing court that a 2-level increase under Sentencing Guidelines Manual §2B1.1(b)(16)(A).

### Role in the Offense

25. The parties acknowledge and understand that the government will recommend to the sentencing court that a 2-level increase under Sentencing Guidelines

7

Manual § 3B1.1(a) is applicable because the defendant was an organizer and leader of the criminal conduct charged in Count One of the indictment. The parties acknowledge and understand that the defendant will not join in this recommendation.

## Acceptance of Responsibility

26. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

27. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

28. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

29. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court. The government further agrees

to recommend that any sentence imposed in this case be concurrent to the sentence imposed in the defendant's supervised release revocation case, 17-CR-61.

## Court's Determinations at Sentencing

30. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

31. The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty pleas solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

32. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility

Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

33. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Special Assessment

34. The defendant agrees to pay the special assessments in the amount of $200 prior to or at the time of sentencing.

## Restitution

35. As to Count One of the Indictment, the defendant agrees to pay restitution, as ordered by the Court, to the victims of the wire fraud and bank fraud scheme. As to the Information, the defendant agrees to pay restitution to the Internal Revenue Service in the amount of $5,476,381.00, jointly with his co-conspirator Tedmund Blankschein. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or

preclude the filing of any civil suit or administrative action.

## Forfeiture

36. As to Count One of the Indictment, the defendant agrees to the immediate entry of a preliminary order of forfeiture imposing a money judgment of forfeiture in the amount of $5 million, and to the incorporation of that money judgment into his judgment in this case.

37. The defendant stipulates that the amount of the anticipated money judgment substantially exceeds his net worth. The defendant also acknowledges and understands that the government may proceed against assets not identified in this agreement to satisfy, partially or fully, the money judgment of forfeiture. Accordingly, the defendant acknowledges and agrees that any and all items of property in which he has an interest, and which are not ordered to be directly forfeited as property constituting or traceable to proceeds of his fraud scheme, shall be subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

38. The defendant also specifically agrees to the forfeiture, as a substitute asset in partial satisfaction of the stipulated money judgment of forfeiture, of the approximately $435,372 in United States currency that Dominican Republic authorities seized from the defendant, who was then using the alias "Mario Farias Rubio," on or about July 12, 2017.

39. The United States Attorney's Office agrees to seek Department of Justice approval to have forfeited funds applied to satisfy any restitution order entered against

the defendant to the greatest extent possible.

40. The defendant agrees to take all steps as requested by the United States, including executing documents needed to pass clear title to forfeitable assets to the United States and to facilitate the sale of such forfeitable assets. If called upon to do so by the government, the defendant agrees to testify truthfully in any judicial forfeiture proceeding regarding forfeiture matters, including any proceedings regarding any third-party claims as to property subject to forfeiture in this matter. The defendant further agrees to waive all interest in any of the above-described assets in any administrative or judicial forfeiture proceeding. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted or at sentencing.

41. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## DEFENDANT'S COOPERATION

42. The defendant, by entering into this agreement, further agrees to fully and

completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from: (a) the applicable sentencing guideline range; (b) any applicable statutory mandatory minimum; or (c) both. The defendant acknowledges and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

43. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

> a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.
>
> b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such

13

     time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

  c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he or she was persuaded of defendant's guilt beyond a reasonable doubt.

  d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

  e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

44. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

45. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain

rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

46. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

47. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

48. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

49. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

50. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

### Victims' Rights

51. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement. The defendant agrees that the victims of the offenses charged in Counts Two through Twelve retain their rights pursuant to the Crime Victims' Rights Act of 2004, 18 U.S.C. § 3771, including the right to speak at the defendant's sentencing and right to restitution.

### Further Action by Internal Revenue Service

52. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the indictment.

### EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

53. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing,

or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

54. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth or referenced in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5/13/19

ALBERT GOLANT
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5/13/19

JOSHUA ULLER
Attorney for Defendant

For the United States of America:

Date: 5/14/19

MATTHEW D. KRUEGER
United States Attorney

Date: 5/16/19

LAURA S. KWATERSKI
Assistant United States Attorney